IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES J. McDONOUGH, | : | |
| | : | |
| Plaintiff, | : | No. 4: CV-07-00613 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| MICHAEL J. ASTRUE, | : | (Magistrate Judge Mannion) |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

June 30, 2008

**BACKGROUND**:

On April 2, 2007, plaintiff, James J. McDonough, commenced this civil action under 42 U.S.C. § 405(g). McDonough seeks review of the Commissioner's decision to deny his application for Social Security disability insurance benefits and asserts that the Commissioner's decision was not supported by substantial evidence.

The matter was initially referred to United States Magistrate Judge Malachy E. Mannion. On June 4, 2008, the magistrate judge filed a fifteen-page report and recommendation. (Rec. Doc. No. 10.) The magistrate judge found that the Commissioner's decision to deny plaintiff disability benefits was based on

substantial evidence and recommended that plaintiff's appeal be denied. (Id. at 15.)

On June 23, 2008, plaintiff filed objections to the magistrate judge's report and recommendation. (Rec. Doc. No. 11.) For the following reasons, we will decline to adopt the magistrate judge's report and recommendation, will grant McDonough's appeal, and will remand the case to the ALJ for further consideration.

**DISCUSSION:**

### I. Standard of Review

We have jurisdiction to hear this claim pursuant to 42 U.S.C. § 405(g). Our role is to determine whether there is substantial evidence in the administrative record to support the Commissioner's decision and findings of fact. 42 U.S.C. § 405(g); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (quoting Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It is less than a preponderance of the evidence but more than a mere

scintilla." Id. The substantial evidence standard is a deferential standard of review. Id.

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

## II. Analysis

There is a five-step evaluation process to determine whether an individual is disabled for purposes of Supplemental Security Income disability benefits. 20 C.F.R. § 416.920. The Commissioner must sequentially determine: (1) whether the applicant is engaged in substantial gainful activity; (2) whether the applicant has a severe impairment; (3) whether the applicant's impairment meets or equals a listed impairment; (4) whether the applicant's impairment prevents the applicant from performing past relevant work; and (5) whether the applicant's impairment prevents the applicant from doing any other work, taking into consideration the applicant's residual functional capacity, age, education and work experience.

The instant action was ultimately decided at the fifth step of the evaluation process. The ALJ concluded that plaintiff retained the residual functional capacity to perform a narrow range of light work treated as sedentary and that such work

existed in significant numbers in the national economy. (Tr., Rec. Doc. No. 4, at 26.) In his report and recommendation, the magistrate judge determined that the ALJ's findings were supported by substantial evidence and recommended that plaintiff's appeal be denied. (Rec. Doc. No. 10, at 15.)

As mentioned, plaintiff has objected to the magistrate judge's report and recommendation. Specifically, plaintiff argues that the magistrate judge erred in: 1) concluding that the ALJ validly rejected the opinion of plaintiff's treating physician; 2) concluding that the ALJ validly rejected the determination by the Veterans Administration that plaintiff was disabled; and 3) concluding that the ALJ properly evaluated plaintiff's testimony. (Rec. Doc. No. 11.)

As for the first objection, we agree with plaintiff that the ALJ improperly rejected the medical opinion of Dr. Carleton. As a preliminary matter, we note that Dr. Carleton did not begin to treat plaintiff until after the relevant period of disability, which was from September 15, 1997 to December 31, 2001. Yet, Carleton did base his opinion on medical records from that relevant time period. The Third Circuit has held that retrospective evidence should not be automatically rejected. <u>Newell v. Comm. of Social Security</u>, 347 F.3d 541, 547 (3d Cir. 2003). Moreover, a basis exists for according significant weight to the retrospective opinion of a treating physician when it is not contradicted by other medical

4

evidence or overwhelmingly compelling non-medical evidence. Campbell v. Barnhard, 178 F.Supp.2d 123, 134-135 (D.Conn. 2001). Thus, Dr. Carleton's retrospective opinion is entitled to weight and may not be automatically rejected.

Although the ALJ supported her rejection of Dr. Carleton's opinion by citing medical evidence which may have resulted in a medical opinion contrary to Dr. Carleton's, it was error for the ALJ to render that opinion herself. For example, in rejecting Dr. Carleton's opinion, the ALJ states

> It is clear . . . that neither the imaging nor the actual exam findings indicate or support the level of functional limitation that Dr. Carlton [sic.] opines herein. To the contrary, it is substantially clear from the evidence of record that claimant's condition remained relatively stable during that time period with degenerative disc disease, including disc bulges, with no evidence of herniation, stenosis, or nerve root or cord impingement. The exam findings showed that the claimant had a full range of motion, normal gait (in all but one exam, most notably a compensation orthopedic examination), strength, sensory, reflexes and neurological have been intact and normal. Exams have been consistent in showing that the claimant has had tenderness in the lumbar spine and there is evidence that claimant has intermittently exhibited spasm in the lumbar spine.

(ALJ Decision, Tr. at 24.) The ALJ goes on to review more medical evidence and then states that "as a result of this glaring inconsistency between the treating physician's opinion and the actual imaging and exam findings as of the date last insured, the undersigned wholly rejects this opinion." (Id.) Yet, absent a medical opinion stating exactly what a testing result such as "no evidence of herniation,

5

stenosis, or nerve root or cord impingement" means in terms of plaintiff's disability, it is error for the ALJ to find this evidence contradictory to Dr. Carleton's medical opinion. Only a medical expert may do so. Thus, the ALJ's rejection of Dr. Carleton's opinion was not based on substantial evidence. See Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988) (stating that a treating physician's opinion may only be rejected on the basis of contradictory medical evidence). Similarly, we note that the ALJ based her residual functioning capacity determination on the same evidence that was improperly interpreted to reject Dr. Carleton's opinion, which renders this determination invalid as well. Therefore, we will remand the case for further proceedings on this issue.

For the same reasons, we accept plaintiff's second argument that the ALJ improperly rejected the conclusion of the Veterans Administration that plaintiff was disabled. While not binding on the Social Security Commissioner, the determinations of other government agencies are entitled to substantial weight. Lewis v. Califano, 616 F.2d 73, 76 (3d Cir. 1980). The only evidence that the ALJ cited that was contrary to the VA's conclusion was the same evidence cited in connection with the ALJ's rejection of Dr. Carleton's opinion. Therefore, this rejection was in error as well.

Finally, plaintiff's third objection concerns the ALJ's evaluation of

plaintiff's testimony. We find that the ALJ's evaluation of plaintiff's testimony is similarly tainted by her improper lay opinion regarding medical evidence. For example, the ALJ states that "claimant's testimony regarding his subjective complaints and limitations are not supported by the medical evidence of record." (Tr., Rec. Doc. No. 4, at 22.) Yet, as we have mentioned, the ALJ improperly considered and interpreted medical evidence in this case rather than having that evidence interpreted by a medical expert. Thus, this was in error as well.

**CONCLUSION:**

For the reasons we have discussed, we conclude that ALJ's opinion was not based on substantial evidence. Therefore, we will decline to adopt the magistrate judge's report and recommendation and will remand the case for further proceedings.

**IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Malachy E. Mannion's report and recommendation is not adopted. (Rec. Doc. No. 10.)

2. Plaintiff's appeal is granted.

3. The case is remanded to the Commissioner of Social Security for

further proceedings consistent with this opinion.

4. The clerk is directed to close the case file.

                                                 <u>s/James F. McClure, Jr.</u>
                                               James F. McClure, Jr.
                                               United States District Judge